```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/08
```

Anthony J. Viola
Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Plaintiffs
  Mitsubishi Chemical Corporation and
  Mitsubishi Tanabe Pharma Corporation
750 Lexington Ave.
New York, NY 10022
(212) 308-4411

Jonathan L. Hochman
Daniel Shaw
SCHINDLER COHEN & HOCHMAN
Attorneys for Plaintiff Encysive Pharmaceuticals Inc.
100 Wall St., 15th Floor
New York, NY 10005
(212) 277-6330

Robert J. Gunther, Jr.
WILMER, CUTLER, PICKERING,
       HALE and DORR LLP
Attorney for Plaintiffs Glaxo Group Limited, SmithKline
  Beecham plc and SmithKline Beecham Corp. d/b/a
  GlaxoSmithKline
399 Park Avenue
New York, NY 10022
(212) 230-8800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Mitsubishi Chemical Corporation, | ) | Civil Action No. 07 CV 11614 |
| Mitsubishi Tanabe Pharma Corporation, | ) | |
| Encysive Pharmaceuticals Inc., Glaxo Group | ) | |
| Limited, SmithKline Beecham plc, and | ) | |
| SmithKline Beecham Corp. d/b/a | ) | Hon. Judge Koeltl |
| GlaxoSmithKline | ) | |
| | ) | |
| Plaintiffs, | ) | **REVISED JOINT REPORT** |
| | ) | **PURSUANT TO FRCP 26(f)** |
| v. | ) | |
| | ) | |
| Barr Laboratories, Inc. and | ) | |
| Pliva-Hrvatska d.o.o. | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to FED. R. CIV. P. 26(f), and the Scheduling Conference held on March 24,

2008, the parties hereby submit their revised joint discovery plan.

I.    **FRCP 26(f)(3)(A) - Changes in the timing, form, or requirement for disclosures under Rule 26(a).**

Initial disclosures were exchanged on March 17, 2008.

II.   **FRCP 26(f)(3)(B) - Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**[1]

A.    Plaintiffs anticipate that they will need discovery concerning the following issues:

- Defendants' ANDA, the basis for its filing, and the identity of and relationship between the ANDA applicant and related parties;

- Defendants' paragraph IV notices;

- Defendants' proposed generic argatroban injection product, including but not limited to any research and development on the proposed product;

- Defendants' financial projections and market analysis regarding its proposed generic argatroban injection product;

- Defendants' conduct with respect to infringement of U.S. Patent No. 5,214,052 ("the '052 Patent") and contentions with respect to asserted invalidity of the '052 Patent;

- Defendants' conduct with respect to inducing infringement of the '052 Patent;

- Defendants' conduct with respect to contributory infringement of the '052 Patent;

- The knowledge possessed by a person of ordinary skill in the art at the time that the application for the '052 Patent was filed;

---

[1] The fact that a party identifies a subject as a topic for discovery in the below lists shall not be deemed an admission of relevance or an admission that the subject is otherwise a proper subject of discovery by an opposing party.

- The state of the prior art at the time that the application for the '052 Patent was filed; and

- Secondary considerations with respect to obviousness;

B.    Defendants anticipate that they will need discovery concerning the following issues:

- Plaintiffs' contention that Defendants have infringed or will infringe the '052 patent;

- The obviousness of the subject matter claimed in the '052 patent, including the scope and content of the prior art, level of skill in the art, differences (if any) between the prior art and claims, and any alleged objective indicia of nonobviousness (including any alleged unexpected results);

- The NDA for argatroban;

- The conception, reduction to practice, research, development, and testing of the subject matter of the '052 patent;

- The preparation, filing, and prosecution of all applications leading to the '052 patent and its foreign counterparts;

- Any products or methods which are within the scope of the '052 patent;

- All negotiations or agreements regarding the '052 patent

**DISCOVERY SCHEDULE**

The following deadlines will apply in this action, unless modified for good cause shown.

| EVENT | DEADLINE |
|---|---|
| Submission to court of proposed draft protective order | April 14, 2008 |
| Plaintiffs to serve preliminary infringement contentions | May 8, 2008 |
| Defendants to serve preliminary invalidity contentions | June 5, 2008 |
| Parties to exchange first privilege logs | August 18, 2008 |
| Deadline to add parties | June 5, 2008 |
| Deadline to identify claim terms for construction | November 7, 2008 |
| Submission of joint claim construction statement (to extent necessary) | November 26, 2008 |
| Deadline for parties to assert advice of counsel defense for any purpose | December 31, 2008 |
| Conclusion of fact discovery | January 30, 2009 |
| Parties with burden of proof to serve expert reports | March 6, 2009 |
| Deadline for service of rebuttal expert reports | April 3, 2009 |
| Conclusion of expert discovery | May 22, 2009 |
| Deadline for filing of dispositive motions | June 19, 2009 |
| Deadline for filing of oppositions to dispositive motions | July 17, 2009 |
| Deadline for filing of replies to dispositive motions | July 31, 2009 |
| Deadline for filing of joint pretrial order, proposed findings of fact and conclusions of law, and motions in limine | 30 days after decision on dispositive motions |
| Responses to motions in limine | 10 days thereafter |
| Replies to motions in limine | 5 days thereafter |
| Ready for trial with 48 hours notice | 40 days after joint pretrial order is filed |

**III.    *FRCP 26(f)(3)(C)* - Issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties propose that all documents be produced as multi-page tiff images along with load files.  Production of native files and metadata shall not be required unless otherwise agreed.  The parties reserve the right to request production of native versions and metadata for individual documents upon the articulation of a specific good faith basis for such production.

**IV.    *FRCP 26(f)(3)(D)* - Issues about claims of privilege or of protection as trial preparation materials.**

The parties do not propose any procedure for the assertion of privilege beyond those contained in the Federal Rules of Civil Procedure.  The parties agree that privilege logs need disclose only those privileged documents dated prior to November 16, 2007, the date of the first Paragraph IV notices, and agree not to pursue discovery of or seek a schedule of privileged documents dated on or after that date absent a showing of good cause as to particular documents.

**V.    *FRCP 26(f)(3)(E)* – Changes in the limitations on discovery imposed under these rules or by local rule.**

**PROPOSED DISCOVERY LIMITS**

- Maximum of 30 interrogatories (limited to the types of interrogatories allowed under Local Civil Rule 33.3) to be served upon each side by the opposing side.[2]

- Maximum of 15 fact depositions to be taken by each side, excluding Rule 30(b)(6) depositions.

---

[2] For purposes of determining the number of interrogatories, requests for admission, and depositions permitted, a side shall include all of the corporate entities whose interests are aligned.  Thus, all of the plaintiffs, including Mitsubishi Chemical Corporation, Mitsubishi Tanabe Pharma Corporation, Encysive Pharmaceuticals Inc., Glaxo Group Limited, SmithKline Beecham plc, and SmithKlineBeecham Corp d/b/a GlaxoSmithKline would be treated as a single side.  Similarly all of the defendants, including Barr Laboratories, Inc. and Pliva-Hrvatska d.o.o. would be treated as a single side.

- Depositions shall be limited to 7 hours for each English-speaking fact witness. Depositions shall be limited to 12 hours for each witness for whom translation is required.

- Rule 30(b)(6) depositions shall not be counted among the 15 fact depositions allocated to each side. Rule 30(b)(6) depositions shall be limited to 3 depositions per side and each such deposition shall be limited to 7 hours.

- No person or entity may be deposed more than once in their individual capacity except for good cause shown, however, a person may be called to testify more than once if they testify both in their individual capacity and as a Rule 30(b)(6) designee.

- Each side shall have a maximum of 2 days (14 hours of testimony) to depose each testifying expert for the other side.

- Requests for admissions shall be limited to 75 per side. The limit on requests for admissions shall not apply to requests for admissions as to the authenticity of documents or things.

- The parties agree that they will exchange final expert reports and all materials considered by an expert in forming his/her opinions. Drafts of each expert's report, including any notes or outlines leading up to an expert's final report(s) are exempt from discovery. The substance of conversations or communications between counsel and any expert will not be subject to discovery unless the conversations or communications are relied upon by such expert in formulating opinions that are presented in reports or in trial or deposition testimony in this case.

- Depositions of managing agents of the parties and of Rule 30(b)(6) designees will take place in this country. The location of all other depositions shall be addressed on a case by case basis.

**VI.** **FRCP 26(f)(3)(F) – Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties agree to make a good faith effort to agree upon a protective order and to submit the agreed upon protective order to the Court for entry on or before April 14, 2008.

Dated: New York, NY
      March 28, 2008

/s/ Thomas J. Meloro
Thomas J. Meloro, Esq.
Diane C. Ragosa, Esq.
Heather M. Schneider, Esq.

WILLKIE FARR & GALLAGHER LLP
*Attorneys for Defendant Barr Laboratories,*
    *Inc. and PLIVA-Hrvatska d.o.o.*
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000 Telephone
(212) 728-8111 Facsimile
TMeloro@willkie.com

/s/ Kathleen B. Carr
Anthony J. Viola
Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
*Attorneys for Plaintiffs*
    *Mitsubishi Chemical Corporation and*
    *Mitsubishi Tanabe Pharma*
    *Corporation*
750 Lexington Ave.
New York, NY 10022
(212) 308-4411

David G. Conlin (admitted *pro hac vice*)
Barbara L. Moore (admitted *pro hac vice*)
Kathleen B. Carr (admitted *pro hac vice*)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100
dconlin@eapdlaw.com
bmoore@eapdlaw.com
kcarr@eapdlaw.com

/s/  Daniel Shaw
Jonathan L. Hochman
Daniel Shaw
SCHINDLER COHEN & HOCHMAN
*Attorneys for Plaintiff Encysive*
    *Pharmaceuticals Inc.*
100 Wall Street, 15th Floor
New York, NY  10005
(212) 277-6330

Martin L. Katz
Brad R. Bertoglio
Jeffrey M. Drake
WOOD, PHILLIPS, KATZ, CLARK &
MORTIMER
Citicorp Center, Suite 3800
500 West Madison Street
Chicago, IL  60661-2511
(312) 876-2020
MLKatz@woodphillips.com

/s/  Lisa J. Pirozzolo
Robert J. Gunther, Jr.
WILMER, CUTLER, PICKERING, HALE
AND DORR LLP
*Attorneys for Plaintiffs*
    *Glaxo Group Limited, SmithKline Beecham*
    *plc and SmithKlineBeecham Corp. d/b/a*
    *GlaxoSmithKline*
399 Park Avenue
New York, NY  1022
(212) 230-8800

William F. Lee (admitted *pro hac vice*)
Lisa J. Pirozzolo (admitted *pro hac vice*)
WILMER, CUTLER, PICKERING,
HALE and DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
william.lee@wilmerhale.com
lisa.pirozzolo@wilmerhale.com

SO ORDERED:

Dated:  March 29, 2008
        New York, New York

United States District Judge

BOS 617965.2

- 8 -