Anthony J. Viola
Andre K. Cizmarik
EDWARDS WILDMAN PALMER LLP
Attorneys for Plaintiffs
  Mitsubishi Chemical Corporation and
  Mitsubishi Tanabe Pharma Corporation
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| Mitsubishi Chemical Corporation, | Civil Action No. 07 CV 11614 |
| Mitsubishi Tanabe Pharma Corporation, | |
| Encysive Pharmaceuticals Inc., Glaxo Group | |
| Limited, SmithKline Beecham plc, and | |
| SmithKline Beecham Corp. d/b/a | Hon. John G. Koeltl |
| GlaxoSmithKline, | |
| Plaintiffs, | |
| v. | |
| Barr Laboratories, Inc. and | |
| Pliva-Hrvatska d.o.o., | |
| Defendants. | |

_____

---

**MEMORANDUM IN SUPPORT OF BILL OF COSTS
SUBMITTED BY MITSUBISHI CHEMICAL CORPORATION AND
MITSUBISHI TANABE PHARMA CORPORATION TO BE TAXED AGAINST
DEFENDANTS BARR LABORATORIES, INC. AND PLIVA-HRVATSKA D.O.O.**

---

Pursuant to Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1920, and S.D.N.Y. Loc. Civ. R. 54.1,

plaintiffs Mitsubishi Chemical Corporation and Mitsubishi Tanabe Pharma Corporation,

(collectively, "Mitsubishi"), as the prevailing parties, hereby submit this memorandum in support

of their Bill of Costs to be taxed against Barr Laboratories, Inc. and Pliva-Hrvatska d.o.o. (collectively "Barr"), which is submitted contemporaneously herewith, with bills for the costs claimed attached as exhibits thereto. The costs claimed in the Bill of Costs are allowable by law, are correctly stated, and were necessarily incurred. See Affidavit of Christopher P. Silva ("Silva Aff."), filed herewith. Mitsubishi respectfully requests that the Court, pursuant to S.D.N.Y. Loc. Civ. R. 54.1(b), tax costs in the amount of $206,951.15 against Barr on Monday, October 17, 2011, at 10:00 a.m.

## PROCEDURAL BACKGROUND

Mitsubishi brought suit against Barr for patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A). Following a bench trial held between January 26, 2010 and February 11, 2010, the Court found U.S. Patent No. 5,214,052 ("'052 Patent") valid and infringed and enjoined the approval of Barr's ANDA and Barr's making, using, or selling the product which is the subject of their ANDA until the expiration of the '052 Patent.[1] Final judgment in favor of Mitsubishi was entered on June 30, 2010.[2] On July 20, 2010, Barr filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit.[3] On August 2, 2011, the Federal Circuit entered judgment affirming the judgment of the Southern District of New York.[4] The Federal Circuit transmitted the Mandate to the Southern District of New York on September 8, 2011[5], and the Bill of Costs in the amount of $206,951.15 may appropriately be taxed against Barr pursuant to S.D.N.Y. Loc. Civ. R. 54.1.

---

[1] See Findings of Fact and Conclusions of Law (attached to Silva Aff. as Exhibit 1), p. 156.
[2] See Final Judgment (attached to Silva Aff. as Exhibit 2).
[3] See Notice of Appeal (attached to Silva Aff. as Exhibit 3).
[4] See Decision of the U.S. Court of Appeals for the Federal Circuit (attached to Silva Aff. as Exhibit 4), p. 17.
[5] See Mandate from Federal Circuit to the Southern District of New York (attached to Silva Aff. as Exhibit 5).

**ARGUMENT**

Pursuant to Fed. R. Civ. P. 54(d)(1), costs other than attorneys' fees "shall be allowed as of course to the prevailing party unless the court otherwise directs." Mitsubishi, as the prevailing party, is entitled to recover costs enumerated in 28 U.S.C. § 1920 and S.D.N.Y. Loc. Civ. R. 54.1. Mitsubishi hereby respectfully requests the Court proceed to tax costs associated with: (i) fees of the clerk; (ii) fees for service of the Summons and Complaint; (iii) fees of the court reporter; (iv) fees and disbursements for witnesses; (v) fees, expenses, and costs of interpreters; (vi) fees of translators; (vii) photocopies; (viii) fees and costs for maps, charts, photographs and summaries (demonstratives); (ix) fees for exemplifications and copies of papers; and (x) docket fees. These costs are allowable by law, are correctly stated, and were necessarily incurred. Accordingly, Mitsubishi respectfully requests the Court to tax costs against the Barr defendants in the amount of $206,951.15.

**I.   FEES OF THE CLERK**

Pursuant to 28 U.S.C. § 1920(1) and S.D.N.Y. Loc. Civ. R. 54.1(c)(10), Mitsubishi respectfully requests that the Court tax the fees of the Clerk in the amount of $350.00. These costs were necessarily incurred in order to file the complaint and commence the action against Barr. Documents supporting such costs is attached to the Bill of Costs as **Exhibit A**.

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 12/27/2007 | Fee for filing complaint | $350.00 |
| **TOTAL** | | **$350.00** |

**II.   FEES FOR SERVICE OF THE SUMMONS AND COMPLAINT**

Pursuant to 28 U.S.C. § 1920(1) and S.D.N.Y. Loc. Civ. R. 54.1(c)(10), Mitsubishi respectfully requests that the Court tax the fees of the Process Server in the amount of $477.33. These costs were necessarily incurred in order to commence the action and comply with the rules

of service, pursuant to Fed. R. Civ. P. 4. Documents supporting such costs are attached to the Bill of Costs as **Exhibit B**.

| DATE | DESCRIPTION | AMOUNT |
| --- | --- | --- |
| 12/28/2007 | Fees of the process server | $266.00 |
| 12/31/2007 | Fees of the process server | $211.33 |
| **TOTAL** | | **$477.33** |

### III.   FEES OF THE COURT REPORTER

Pursuant to 28 U.S.C. § 1920(2) and S.D.N.Y. Loc. Civ. R. 54.1(c)(1), Mitsubishi respectfully requests that the Court tax the fees of the court reporter in the amount of $70,801.69 for stenographic transcripts of depositions, hearings, and trial proceedings that were necessarily obtained for use in the case. Mitsubishi is only requesting the costs of court reporters and transcripts associated with witnesses who testified at trial or had portions of their depositions designated or for use at trial. Consequently, the costs of these transcripts in the amount of $70,801.69 were necessarily incurred. Documents supporting such costs are attached to the Bill of Costs as **Exhibit C**.

| DATE | DESCRIPTION | AMOUNT |
| --- | --- | --- |
| 12/19/2008 | Deposition of Tatsuo Nomura | $793.00 |
| 12/19/2008 | Deposition of Tatsuo Nomura | $938.50 |
| 12/26/2008 | Deposition of Tatsuo Nomura | $682.00 |
| 12/30/2008 | Deposition of Tatsuo Nomura | $654.50 |
| 1/15/2009 | Deposition of John Plachetka | $1,474.10 |
| 1/27/2009 | Depositions of Takayanagi and Ofuchi | $1,479.00 |
| 2/12/2009 | Depositions of Takayanagi and Ofuchi | $711.79 |
| 2/13/2009 | Deposition of Yi Luo | $1,217.75 |
| 2/20/2009 | Deposition of John Plachetka | $643.00 |
| 3/9/2009 | Deposition of Salah Ahmed | $2,282.65 |
| 3/10/2009 | Deposition of James Grauso | $502.75 |
| 3/13/2009 | Deposition of Richard Dixon | $1,724.20 |
| 3/19/2009 | Deposition of Matthew Battin | $999.60 |
| 3/22/2009 | Deposition of Salah Ahmed | $2,126.25 |
| 3/25/2009 | Deposition of Matthew Battin | $582.00 |
| 4/21/2009 | Deposition of Richard Dixon | $857.00 |
| 7/6/2009 | Deposition of Sumanth Addanki | $1,874.25 |

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 7/6/2009 | Deposition of Sumanth Addanki | $855.50 |
| 7/10/2009 | Deposition of Bruce Lewis | $1,425.30 |
| 7/14/2009 | Deposition of Martin Cross | $1,195.00 |
| 7/14/2009 | Deposition of Sophia Pasedis | $1,322.40 |
| 7/15/2009 | Deposition of Gregory Bell | $1,626.20 |
| 7/15/2009 | Deposition of Sumanth Addanki | $1,419.50 |
| 7/15/2009 | Deposition of Sumanth Addanki | $749.50 |
| 7/17/2009 | Deposition of Thomas Needham | $2,028.75 |
| 7/17/2009 | Deposition of Thomas Needham | $780.50 |
| 7/23/2009 | Deposition of Bruce Lewis | $692.00 |
| 7/30/2009 | Deposition of Martin Cross | $582.00 |
| 7/30/2009 | Deposition of Thomas Needham | $1,722.00 |
| 7/30/2009 | Deposition of Thomas Needham | $802.00 |
| 8/1/2009 | Deposition of Charles Eby | $4822.04 |
| 8/4/2009 | Deposition of Charles Eby | $3,713.25 |
| 8/4/2009 | Deposition of Stephen Byrn | $1,812.80 |
| 8/5/2009 | Deposition of Stephen Byrn | $1,923.50 |
| 8/10/2009 | Deposition of Stephen Byrn | $912.00 |
| 8/18/2009 | Deposition of Stephen Byrn | $802.00 |
| 9/3/2009 | Deposition of Charles Aschmann | $2,608.75 |
| 9/21/2009 | Deposition of Charles Aschmann | $2,108.25 |
| 1/26/2010 | Deposition of Gregor Hartmann | $3,235.75 |
| 1/28/2010 | Deposition of Gregor Hartmann | $1,829.75 |
| 2/2/2010 | Trial transcript | $1,420.32 |
| 2/2/2010 | Trial transcript | $1,509.09 |
| 2/2/2010 | Trial transcript | $1,226.64 |
| 2/2/2010 | Trial transcript | $572.97 |
| 2/8/2010 | Trial transcripts | $3,857.46 |
| 2/17/2010 | Trial transcripts | $3,704.13 |
| **TOTAL** | | **$70,801.69** |

IV.  **FEES AND COSTS FOR PRINTING, PHOTOCOPIES, CHARTS, AND SUMMARIES (DEMONSTRATIVES)**

Pursuant to 28 U.S.C. § 1920(4), 28 U.S.C. § 1920(4), and S.D.N.Y. Loc. Civ. R. 54.1(c)(6), Mitsubishi respectfully requests that the Court tax the combined amount of $100,000.00 for the costs of photocopying and the costs for demonstratives.[6]  Photocopy costs may be taxed if the copies were "necessarily obtained for use in the case," even if the

---

[6] Mitsubishi retained a single vendor for both its copying and demonstrative needs and paid a flat fee plus expenses for such services.

"underlying document was not admitted at trial." United States v. Merritt Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996). Taxable photocopy costs include costs associated with copying: (1) trial transcripts (S.D.N.Y. Loc. Civ. R. 54.1(c)(1)); (2) deposition transcripts (S.D.N.Y. Loc. Civ. R. 54.1(c)(2)); and (3) trial exhibits (S.D.N.Y. Loc. Civ. R. 54.1(c)(5)).

The U.S. District Court for the Southern District of New York ("S.D.N.Y.") has also approved the costs for preparing and using digital exhibits, noting:

> [B]low-ups, digital presentations of scanned documents, and other computer graphics serve the same function as exhibits and other papers used at trial, and there is no logical reason to differentiate between the former and the latter in terms of their taxability as costs. Digitized copies of documents shown on a television monitor or screen are the functional equivalent of photocopies of documents in jury binders.

Dibella v. Hopkins, 407 F. Supp. 2d 537, 540 (S.D.N.Y. 2005).

The S.D.N.Y. has ruled that a prevailing party is "entitled to recover a portion of the expense he incurred for the design and production of demonstrative presentations for trial, scanning of exhibits, computer operation, creation of exhibit database, digitizing of audio and visual recordings, and set-up and break-down of technology used during trial." Id. (citations omitted); see also Tokyo Electron Ariz., Inc. v. Discreet Indus. Corp., 215 F.R.D. 60, 67 (E.D.N.Y. 2003) ("The court supports the use of technology to improve the presentation of information to the a [sic] jury and/or to the bench, and notes that the Power Point presentation at issue was very helpful, in both its video and paper formats.").

Furthermore, district courts in the Second Circuit permit the recovery of costs and expenses associated with technical consultants and having technicians assist at trial with presenting the digital demonstratives. In particular, "[t]he Second Circuit has taken a rather broad view of what is included in the category of exemplification . . . This has been construed to

permit awards of costs for statistical consulting costs and computer expenses." Tokyo Electron Ariz., 215 F.R.D. at 66; see also Dibella, 407 F. Supp. 2d 537, at 539 (awarding costs to the prevailing party for "computer operation," and "set-up and break-down of technology used during trial").

Photocopies, digital imaging of trial exhibits, preparation of demonstratives, and computer technician assistance during trial were necessarily obtained for use in the case, and the following costs were necessarily incurred. Documents supporting such costs are attached to the Bill of Costs as **Exhibit D**.

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 2/18/2010 | Trial Copying and Presentation Consulting Fees | $100,000.00 |
| **TOTAL** | | **$100,000.00** |

## V.  FEES AND ALLOWANCES FOR WITNESSES

Pursuant to 28 U.S.C. §§ 1920(3) and 1821, and S.D.N.Y. Loc. Civ. R. 54.1(c)(2) and (3), Mitsubishi respectfully requests that the Court tax the fees and allowances for witnesses in the amount of $28,013.88. Pursuant to 28 U.S.C. § 1821, "a witness in attendance at any court of the United States . . . or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid fees and allowances provided by this section." 28 U.S.C. § 1920(3) entitles the prevailing party to tax the costs of witnesses. Further, S.D.N.Y. Loc. Civ. R. 54.1(c)(3) entitles the prevailing party to tax as costs the § 1821 fees and costs paid to witnesses who testify at trial, and S.D.N.Y. Loc. Civ. R. 54.1(c)(2) entitles the prevailing party to tax as costs the § 1821 fees and costs paid to a witness who is deposed "if the deposition taken was used or received in evidence at the trial." Consequently, Mitsubishi is entitled to its costs associated with testifying witnesses.

The fees and allowances to which a witness is entitled and that S.D.N.Y Loc. Civ. R. 54.1(c)(2) and (3) entitle the prevailing party to tax are enumerated in 28 U.S.C. § 1821. These

fees include: (1) an attendance fee of $40 per day for each day's attendance and each day traveling to and from such attendance (28 U.S.C. § 1821(b)); (2) common carrier expenses for traveling to and from the deposition or trial (28 U.S.C. § 1821(c)(1)); (3) "all travel expenses within and outside the judicial district" (28 U.S.C. § 1821(c)(4)); and (4) a subsistence allowance (28 U.S.C. § 1821(d)(2)) in the form of a per diem, which, in the Southern District of New York for the appropriate period in Manhattan, is $280 per day. See 41 C.F.R. § 301-11.6(a) (citing www.gsa.gov/perdiem).

Mitsubishi is only requesting the Court to tax the § 1821 fees and allowances associated with witnesses who testified at trial and witnesses who had portions of their transcripts designated and used or received in evidence at trial. Further, the Court ordered the parties to designate portions of depositions to be entered into evidence at trial. Mitsubishi is thus also seeking the fees and expenses associated with witnesses whose depositions were designated. Consequently, the following fees and disbursements of witnesses in the amount of $28,013.88 were necessarily incurred. Documents supporting such costs are attached to the Bill of Costs as **Exhibit E**.

| WITNESS | DESCRIPTION | TOTAL |
|---|---|---|
| Bell | Deposition of: Gregory Bell<br>• Travel to/from and during = $682.01<br>• Attendance Fee ($40/day x 1 day) = $40.00<br>• Subsistence ($280/day x 2 days) = $560.00<br>Trial Testimony of: Gregory Bell<br>• Travel to/from and during = $1472.13<br>• Attendance Fee ($40/day x 1 day) = $40.00<br>• Subsistence ($268.44/day x 1 day) = $268.44<br>• Subsistence ($233.08/day x 1 day) = $233.08 | $3,295.66 |

| WITNESS | DESCRIPTION | TOTAL |
|---|---|---|
| Byrn | Deposition of:  Stephen Byrn<br>• Travel to/from and during = $1364.80<br>• Attendance Fee ($40/day x 2 days) = $80.00<br>• Subsistence ($280/day x 4 days) = $1120.00<br>Trial Testimony of:  Stephen Byrn<br>• Travel to/from and during = $1754.08<br>• Attendance Fee ($40/day x 1 days) = $40.00<br>• Subsistence ($229.27/day x 12 days) = $2751.24<br>• Subsistence ($256.60/day x 1 day) = $256.60<br>• Subsistence ($269.77/day x 1 day) = $269.77<br>• Subsistence ($257.92/day x 1 day) = $257.92<br>• Subsistence ($237.98/day x 1 day) = $237.98 | $8,132.39 |
| Cross | Deposition of:  Martin Cross<br>• Travel to/from and during = $690.12<br>• Attendance Fee ($40/day x 1 day) = $40.00<br>• Subsistence ($280/day x 1 days) = $280.00<br>Trial Testimony of:  Martin Cross<br>• Travel to/from and during = $1391.36<br>• Attendance Fee ($40/day x 2 days) = $80.00<br>• Subsistence ($229.27/day x 12 days) = $2751.24 | $5,232.72 |
| Lewis | Deposition of:  Bruce Lewis<br>• Travel to/from and during =  $1,871.10<br>• Attendance Fee ($40/day x 1 day) = $40.00<br>• Subsistence ($280/day x 1 day) = $280.00<br>Trial Testimony of:  Bruce Lewis<br>• Travel to/from and during = $1508.4<br>• Attendance Fee ($40/day x 2 days) = $80.00<br>• Subsistence ($229.27/day x 1 day) = $229.27<br>• Subsistence ($237.98/day x 1 day) = $237.98 | $4,246.75 |
| Nomura | Deposition of:  Tatsuo Nomura<br>• Travel to/from and during = $4,945.54<br>• Attendance Fee ($40/day x 2 days) = $80.00<br>• Subsistence ($280/day 4 days) = $1120.00 | $6,145.54 |
| Pasedis | Deposition of:  Sophia Pasedis<br>• Travel to/from and during = $277.20<br>• Attendance Fee ($40/day x 1 day) = $40.00<br>• Subsistence ($280/day x 1 day) = $280.00<br>Trial Testimony of:  Sophia Pasedis<br>• Travel to/from and during = $728.67<br>• Attendance Fee ($40/day x 1 day) = $40.00<br>• Subsistence ($229.27/day x 2 days) = $458.54 | $1,824.41 |

| WITNESS | DESCRIPTION | TOTAL |
|---|---|---|
| Takayanagi | Deposition of: Masau Takayanagi<br>• Travel to/from and during = $426.66<br>• Attendance Fee ($40/day x 1 day) = $40.00<br>• Subsistence ($280/day x 1 day) = $280.00 | $746.66 |
| **TOTAL** | | **$29,624.13** |

## VI.  FEES FOR EXEMPLIFICATIONS AND COPIES OF PAPERS

Pursuant to 28 U.S.C. § 1920(4) and S.D.N.Y. Loc. Civ. R. 54.1(c)(5), Mitsubishi respectfully requests that the Court tax the costs for exemplifications and copies of papers that were necessarily obtained for use in the case in the amount of $146.00.  This includes "file histories, cited prior art patents and other patent references 'if necessarily obtained for use in the case' pursuant to 28 U.S.C. § 1920(4)."  V-Formation, Inc. v. Benetton Group Spa, No. 01-610, 2003 U.S. Dist. LEXIS 10223, at *9 (S.D.N.Y. June 17, 2003).  The certified copies of patents and patent file histories that were at issue in the case, as well as copies of patents cited as prior art, were necessarily obtained for use in the case, thus the following costs were necessarily incurred.  Documents supporting such costs are attached to the Bill of Costs as **Exhibit F**.

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 11/13/2009 | Fee for obtaining certified copy of patent | $146.00 |
| **TOTAL** | | **$146.00** |

## VII.  DOCKET FEES

Pursuant to 28 U.S.C. § 1920(5), Mitsubishi respectfully requests that the Court tax the costs for the reasonable and actual docket fees in the amount of $40.00.  In particular, 28 U.S.C § 1923(a) specifically entitles the prevailing party to the following docket fees: (1) $20 on trial or final hearing in a civil trial; and (2) $2.50 for each deposition admitted in evidence.  The following costs associated with docket fees were necessarily incurred.

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| | For the case | $20.00 |
| | Depositions or designation of deposition submitted into evidence ($2.50/per deposition x 8 depositions) | $20.00 |
| **TOTAL** | | **$40.00** |

## VIII.  APPELLATE FEES AWARDED IN MANDATE

Pursuant to 28 U.S.C. § 1920(5), Mitsubishi respectfully requests that the Court tax the costs incurred on appeal before the United States Court of Appeals for the Federal Circuit in the amount of $646.28.  The Federal Circuit awarded Mitsubishi its costs on appeals and included such specific award in its Mandate.  See Mandate from Federal Circuit to the Southern District of New York (attached to Silva Aff. as Exhibit 5).

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 9/8/2011 | Appellate costs awarded in Mandate | $646.28 |
| **TOTAL** | | **$646.28** |

## IX.  FEES, EXPENSES, AND COSTS OF INTERPRETERS

Pursuant to 28 U.S.C. § 1920(6) and S.D.N.Y. Loc. Civ. R. 54.1(c)(4), Mitsubishi respectfully requests that the Court tax the fees, expenses, and costs of interpreters in the amount of $13,068.63.  The "reasonable fee of a competent interpreter ... [is] taxable if the fee of the witness involved is taxable."  S.D.N.Y. Loc. Civ. R. 54.1(c)(4).  The following fees, expenses and costs of interpreters  in the amount of $17,421.14 were necessarily incurred for interpretation services associated with witnesses whose fees are taxable.  See Section III, supra.  Documents supporting such costs are attached to the Bill of Costs as **Exhibit G**.

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 1/27/2009 | Depositions of Takayanagi and Ofuchi | $4,865.72 |
| **TOTAL** | | **$4,865.72** |

**CONCLUSION**

For the foregoing reasons, Mitsubishi, as the prevailing party, respectfully requests that the Court proceed to tax costs against the Barr defendants on Monday, October 17, 2011, at 10:00 a.m. in the amount of $206,951.15 pursuant to Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1920, and S.D.N.Y. Loc. Civ. R. 54.1.


Dated: Boston, Massachusetts
October 7, 2011

Respectfully submitted,

Mitsubishi Chemical Corporation and
Mitsubishi Tanabe Pharma Corporation

By their attorneys,


/s/ Christopher P. Silva
Christopher P. Silva, *pro hac vice*

Anthony J. Viola (AV-7366)
EDWARDS WILDMAN PALMER LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

David G. Conlin, *pro hac vice*
Barbara L. Moore, *pro hac vice*
Kathleen B. Carr, *pro hac vice*
Christopher P. Silva, *pro hac vice*
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, MA 02119
(617) 239-0100